# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Case No. 3:15-cv-00396-FDW-DSC

| | |
|---|---|
| RONALD S. CAPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TELEDYNE ALLVAC, ATI ALLVAC, INC., | ) |
| ATI SPECIALTY MATERIALS, | ) |
| STAFFMARK, INC., and STAFFMARK | ) |
| INVESTMENT, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER

**THIS MATTER** is before the Court on "Plaintiff's Motion for Leave to Amend Complaint" (document #13) and "Plaintiff's Motion for an Enlargement of Time to Perfect Service" (document #16), both filed September 30, 2015, as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the

opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id.

The Motions to Dismiss in this action were filed on September 3 and 4, 2015 respectively. On September 18, 2015, Plaintiff moved for and the Court granted an extension of time to respond up to September 30, 2015.

Applying the principles discussed above and for the other reasons stated in Plaintiff's briefs, the Court in its discretion will grant the Motions.

It is well settled that an amended pleading supersedes the original pleading, and motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Consequently, the Court orders that Defendant Staffmark Investment, LLC's "Motion to Dismiss" (document #4) and Defendant ATI's "Motion to Dismiss Plaintiff's Complaint," (document #7) be administratively **DENIED** as moot without prejudice.

**IT IS HEREBY ORDERED** that:

1. "Plaintiff's Motion for Leave to Amend Complaint" (document #13) and "Plaintiff's Motion for an Enlargement of Time to Perfect Service" (document #16) are **GRANTED**. Plaintiff shall file his amended complaint within fifteen days of this Order. Plaintiff shall effect service of process within the time and manner required by the Federal Rules of Civil Procedure following filing of the amended complaint .

2.	Defendant Staffmark Investment, LLC's "Motion to Dismiss" (document #4) and Defendant ATI's "Motion to Dismiss Plaintiff's Complaint" (document #7) are administratively **DENIED** as moot without prejudice.

3.	The Clerk is directed to send copies of this Order to the parties' counsel; and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: November 6, 2015

David S. Cayer
United States Magistrate Judge

**SO ORDERED**.

Signed: November 6, 2015

David S. Cayer
United States Magistrate Judge